# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

RODNEY CORNELIUS SHELTON,

       Defendant-Appellant.

UNPUBLISHED
March 9, 2017

No. 330803
Oakland Circuit Court
LC No. 2014-253027-FC

Before: RIORDAN, P.J., and METER and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of armed robbery, MCL 750.529, and first-degree home invasion, MCL 750.110a(2). The trial court sentenced defendant as a habitual third offender, MCL 769.11, to 25 to 50 years' imprisonment for the armed robbery conviction, and 15 to 40 years' imprisonment for the home invasion conviction. We affirm.

On appeal, defendant argues that he was denied due process of law when the trial court denied his motion to suppress the photographic lineup identification by Melissa Harrison because the photographic array was unduly suggestive. We disagree.

In relation to a motion to suppress identification evidence, this Court reviews any issues of law de novo and the trial court's ultimate determination for clear error. *People v McDade*, 301 Mich App 343, 356; 836 NW2d 266 (2013). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *Id.* (Citation omitted.)

"A photographic identification procedure or lineup violates due process guarantees when it is so impermissibly suggestive as to give rise to a substantial likelihood of misidentification." *Id.* at 357 (citation omitted). Any physical differences between a defendant and others in the identification procedure will not necessarily render the identification procedure defective, and are considered significant only if they are apparent to the identifying witness, and distinguish the defendant substantially from the other participants in the identification procedure. *People v Hornsby*, 251 Mich App 462, 466; 650 NW2d 700 (2002). Additionally, any physical differences between the defendant and other participants in the identification procedure will go to the weight of the evidence, as opposed to its admissibility. *Id.*

Defendant asserts that his photograph in the photographic array was so different from the other photos that it stood out, specifically because his head was tilted in the photo. In *People v*

-1-

*Kurylczyk*, 443 Mich 289, 303-304; 505 NW2d 528 (1993) (GRIFFIN, J.), the Michigan Supreme Court rejected a similar argument, when the defendant argued that his photograph in a photographic array was taken from a closer distance than that of the others in the array, leading his photograph to appear larger than the others.

> Thus, differences in the composition of photographs, in the physical characteristics of the individuals photographed, or in the clothing worn by a defendant and the others pictured in a photographic lineup have been found not to render a lineup impermissibly suggestive. [*Id*. at 304-305 (GRIFFIN, J.) (footnotes omitted).]

After closely reviewing the photographic array, we agree with the trial court that defendant's photograph did not stand out in any manner from the other photographs contained in the array, and that the photographic array itself was not impermissibly suggestive. While defendant claims a tilt to his head was unduly suggestive, we are not persuaded that a minimal difference in the position of defendant's head resulted in a substantial likelihood of misidentification, as opposed to merely constituting a "noticeable" difference between defendant and the other participants in the photographic array. *McDade*, 301 Mich App 358.

Defendant also contends that Harrison's identification of him was tainted where she independently searched social media following the armed robbery and home invasion, ultimately determining that defendant was her assailant after looking at his Facebook page, and relaying that information to the police before the photographic array was composed. As a result, defendant's photograph was included in the photographic array. In support of his argument, defendant cites *People v Gray*, 457 Mich 107, 111; 577 NW2d 92 (1998), where the Michigan Supreme Court, discussing pretrial identification procedures, recognized that an "improper suggestion often arises when the witness when called by the police or prosecution is told or believes that the police have apprehended the right person." (Citation and quotation marks omitted.) The *Gray* Court went on to observe as follows:

> Moreover, when the witness is shown only one person or a group in which one person is singled out in some way, he is tempted to presume that he is the person. [*Id*. (Citation and quotation marks omitted.)]

We are not persuaded by defendant's argument or his reliance on *Gray*, where the record in the instant case yields no indication that law enforcement or the prosecution impermissibly suggested to Harrison that defendant was the individual who participated in this violent armed robbery and home invasion. Put another way, the facts of this case do not lead us to conclude that Harrison's identification of defendant as her assailant "resulted from . . . impermissibly suggestive law enforcement procedures." *Gray*, 457 Mich at 113 (footnote omitted).

Finally, defendant asserts that because the photographic display was unduly suggestive, this Court must consider whether there was an independent basis for Harrison's identification of defendant at trial. However, we have determined that the trial court did not clearly err in rejecting defendant's claim that the pretrial identification procedures were unduly suggestive, and therefore it is not necessary to determine if an independent basis existed for Harrison's identification of defendant at trial. See *People v Barclay*, 208 Mich App 670, 675; 528 NW2d

842 (1995) (recognizing "[t]he need to establish an independent basis for an in-court identification arises where the pretrial identification is tainted by improper procedure or is unduly suggestive."). In any event, we take this opportunity to observe that our review of the record confirms that Harrison clearly, unequivocally, and in great detail described and identified defendant as her assailant at trial.

Affirmed.

/s/ Michael J. Riordan
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood